UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JERRY L. KENNEDY**                                                                                          **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 5:13-CV00226-DCB-MTP**

**JEFFERSON COUNTY, MISSISSIPPI,** *et al.*                                              **DEFENDANTS**

ORDER

THIS MATTER is before the court on Plaintiff's Motion to Reconsider [132] and Defendants' Motion for Contempt [134]. Having carefully considered the motions, this court finds that both motions should be denied.

Plaintiff Jerry L. Kennedy has submitted a motion to reconsider the court's order, pursuant to Local Uniform Civil Rule 7(b)(3), granting an unopposed motion to compel [129]. Specifically, the court ordered Plaintiff to produce medical and tax authorizations. In regard to the previous motion [116], Plaintiff did not respond within the time allotted by Local Rule 7(b)(4), in fact, Plaintiff did not respond at all. Petitioners now asks that the court weigh the arguments contained in the second motion in the reconsideration of the first.

Granting a motion for reconsideration is "an extraordinary remedy," and thus should be "used sparingly." *In re Pequeno,* 240 Fed. App'x 634, 636 (5th Cir.2007). Motions to reconsider are not intended to "re-debate" the merits of a particular motion. *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.,* No. 3:00cv522–BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley,* 2000 WL 1349184, at *2 (citations omitted). If one of these

three grounds is not present, the court must deny the motion.

Plaintiff has not alleged an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent injustice. Instead, the Plaintiff simply argues the merits of the previous motion to which he did not respond. Plaintiff should have challenged the merits of the discovery request pursuant to the time frame for opposition provided by the Local Rules. For this reason, the extraordinary remedy of reconsideration is not warranted here.

Defendants Jefferson County Hospital and Regina Reed have submitted a motion for contempt [134] due to Plaintiff's failure to execute the aforementioned medical and tax authorizations. Defendants argue that Plaintiff's motion for reconsideration was insufficient to relieve his obligation to comply with the court's order. While Plaintiff's motion for reconsideration will be denied, the motion was made in good faith, and the court finds that holding Plaintiff in contempt or imposing sanctions is not appropriate at this time.

IT IS, THEREFORE, ORDERED

1. Plaintiff's Motion for Reconsideration is DENIED.

2. Defendant's Motion for Contempt is DENIED.

3. Plaintiff shall execute the authorizations at issue on or before September 12, 2014.

SO ORDERED this the 5th day of September, 2014.

s/ Michael T. Parker
United States Magistrate Judge