```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**JERRY L. KENNEDY**                                                **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 5:13-cv-226-DCB-MTP**

**JEFFERSON COUNTY, MISSISSIPPI, by and through
its Board of Supervisors, JEFFERSON COUNTY
HOSPITAL, BOARD OF TRUSTEES OF JEFFERSON
COUNTY HOSPITAL, in its official capacity,
and DUDLEY GUICE, individually and in his
official capacity, REGINA REED, individually
and in her official capacity, JOHN DOES 1-10**                      **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND SETTING CIVIL CONTEMPT PROCEEDING

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of October 6, 2014 **[docket entry no. 23]**. Judge Parker recommends that the district court hold a contempt proceeding pursuant to 28 U.S.C. Section 636(e)(6)(B). Having reviewed the Report and Recommendation and applicable statutory and case law, the Court finds as follows:

Judge Parker's Report and Recommendation centers around the failure of parties to comply with a discovery order compelling the production of documents and those same parties' failure to show cause as to why they did not comply with the subpoena and failure to make an ordered appearance before Judge Parker. No objection has been filed in this case. When there has been no objection to a report and recommendation, review is limited to plain error.

1

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1)). Therefore, the Court, having reviewed for plain error and finding none, will adopt the Report and Recommendation in whole.

Pursuant to 28 U.S.C. Section 636(e)(6)(B)(iii), Judge Parker certifies the following facts to this Court, constituting civil contempt:

> (1) Defendants served Carnell Kitchens and [CK Consulting Solutions, Inc., ("CKCS")] with a subpoena directing them to produce documents relevant to a civil action.
>
> (2) Kitchens nor CKCS complied with the subpoena.
>
> (3) Defendants filed a Motion to Enforce Subpoena on July 11, 2014.
>
> ([4]) On August 12, the Court ordered Kitchens and CKCS to show cause as to why they should not be held in contempt of court for failing to comply with the subpoena, providing Kitchens with a[n] August 26 deadline. Kitchens was warned that a failure to respond or to produce the records requested in the subpoena could result in being held in contempt or civil sanctions.
>
> ([5]) Kitchens sent a letter to the Court, dated August 19, asserting only the circumstances surrounding his relationship with the Defendants and providing no good cause. Kitchens failed to produce any records.
>
> ([6]) On September 2, the Court issued an Order to Appear, instructing Carnell Kitchens and CKCS to personally appear before the court on September 30, 2014[,] and to provide any and all information relevant to his failure to comply with the subpoena and order.
>
> ([7]) Neither Carnell Kitchens not CKCS appeared at the September 30th hearing. Furthermore, Carnell Kitchens has not responded in any way to the Court's Order.

Report & Recommendation p. 2-3, ECF No. 152 (internal citations omitted). The Court therefore orders Kitchens and CKCS to appear before it and "show cause why [they] should not be adjudged in contempt by reason of the facts so certified. The [Court will] hear the evidence as to" their failure to comply with ether the subpoena or Judge Parker's order and their failure to appear before Judge Parker "and, if it is such as to warrant punishment, punish [Kitchens and CKCS] in the same manner and to the same extent as for a contempt committed before [this Court]." 28 U.S.C. § 636(e)(6)(B) (2009).

IT IS HEREBY ORDERED that Carnell Kitchens and CK Consulting Solutions, Inc., personally appear for a hearing on November 12, 2014, at 10:00am at the United States Courthouse, 109 South Pearl Street, Courtroom 1, Natchez, Mississippi, to explain why they should not be held in contempt of court or otherwise sanctioned for failure to comply with the subpoena issued June 12, 2014, Judge Parker's Order to Show Cause entered August 12, 2014, or Judge Parker's Order to Appear entered September 2, 2014.

SO ORDERED this the 23rd day of October 2014.

    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE