**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JERRY L. KENNEDY**                                                      **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:13cv226-DCB-MTP**

**JEFFERSON COUNTY, et al.**                                          **DEFENDANTS**

<u>**ORDER**</u>

BEFORE THE COURT is a Motion [175] to Change the Venue of the Deposition, filed by non-party Nikki DuPlessis ("DuPlessis"). After careful consideration of the parties and the applicable law, the Court finds that Motion [175] should be granted in part and denied in part.

This case arises out of the Plaintiff's termination as administrator of Jefferson County Hospital. DuPlessis is the daughter of Dudley Guice, one of the Defendants in this case. She is also the wife of Paul DuPlessis, owner of Dhealthcare Consultants, neither of which are parties to this action.  DuPlessis lives in Mandeville, Louisiana. *See* Deposition Subpoena [158-1]. The record reflects that Defendant Board of Trustees of Jefferson County Hospital, Jefferson County Hospital and Regina Reed ("the deposing parties") filed a notice to take deposition of DuPlessis, to take place on October 28, 2014 in New Orleans, Louisiana. *See* Notice to Take Deposition [155]. On October 27, 2014, counsel for DuPlessis requested that her deposition be rescheduled because she had not been personally served, and therefore did not know about the deposition until a few days before,[1]

---

[1]The deposing parties had a subpoena issued for DuPlessis and hired a private process server. *See* Notice of Issuance of Deposition Subpoena [157]. The process server states that when he went to Duplessis's home on October 12, 2014, her husband Paul DuPlessis accepted the subpoena on her behalf.  *See* Melvin Rein Declaration [176-1]. However, DuPlessis does not contend that her deposition should be prohibited for failure to be personally served. Likewise, the deposing parties do not move for any relief with respect to the subpoena.

1

and because she had a job interview on that day. *See* Exhibit E-mail [176-2] at 2. Counsel for DuPlessis and the deposing parties then rescheduled the deposition for November 18, 2014, to take place in Jackson, Mississippi. *See* Exhibit E-mails [176-3] at 2-3. However, upon communicating the date and time her client, counsel for DuPlessis learned that her client preferred to be deposed in Fayette, Mississippi, as DuPlessis has friends and relatives there who could care for her twin infants. *Id.* at 1. Counsel for the deposing parties refused to reschedule the deposition in Fayette. *Id.*

DuPlessis now requests that her deposition currently set for November 18 in Jackson, Mississippi, be held in Fayette Mississippi. *See* Motion [175]. The deposing parties have filed a Response [176], and argue that the motion should be denied on the following grounds; (1) DuPlessis failed to include a good faith certificate and submit an accompanying memorandum in support with her motion , as required by the Local Uniform Civil Rules;[2] (2) counsel for DuPlessis initially agreed for the deposition to take place in Jackson; and (3) all the parties, including Co-Defendants and Plaintiffs, will incur additional expenses if their counsel were required to attend a deposition in Fayette. The Court will address each argument in turn.

First, although it is true that the Motion [175] is unaccompanied by a good faith certificate and memorandum in support, the Motion outlines in detail the efforts of respective counsel  to reschedule the deposition. As for the memorandum in support, the Motion includes the essential information necessary to guide the Court in its ruling.

Second, Federal Rule of Civil Procedure 45(c)(1)(A) provides that a subpoena may command a person to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." An individual cannot be required to travel outside the limits

---

[2]L. U. Civ. R. 7(b)94) and 34(a).

imposed by Rule 45 in order to be deposed. *See Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5th Cir. 1973). Neither Jackson nor Fayette is within the 100 miles limit of DuPlessis's residence in Mandeville, Louisiana.[3] Accordingly, the Court will not require DuPlessis, or any of the parties, to travel to either location. An individual may agree to be deposed at a specific place outside the 100 mile radius specified by Rule 45, but that is not the case here. Although respective counsel communicated extensively concerning rescheduling, the dispute remains unresolved.

Last, the Court is unpersuaded by arguments relating to the additional expense or inconvenience the other parties to this action might incur by a change in the deposition venue. The other parties did not respond to the motion within the time allotted or otherwise raise any objections or concerns.

IT IS, THEREFORE, ORDERED:

1. To the extent the Motion [175] seeks to transfer the deposition venue from Jackson, Mississippi, it will be GRANTED.

2. The request that the deposition be moved to Fayette, Mississippi will be DENIED.

3. The parties are directed to confer to schedule the deposition of Nikki DuPlessis within 100 miles of her residence pursuant to the Federal Rules. Nothing herein prevents the parties from agreeing to another location. However, if no agreement is reached, the 100 mile limit will apply.

SO ORDERED this the 14th of November, 2014.

s/ Michael T. Parker
United States Magistrate Judge

---

[3]Rule 45 also allows an individual to be deposed within 100 miles of their place of employment or where the person regularly transacts business in person. This information was not provided regarding DuPlessis.