```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

**JERRY L. KENNEDY**                                                **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 5:13-cv-226-DCB-MTP**

**JEFFERSON COUNTY, et al.**                                       **DEFENDANTS**

<u>**ORDER**</u>

This matter is before the Court on Defendants', Board of Trustees of Jefferson County Hospital, Jefferson County Hospital, and Regina Reed, Motion to Enforce Subpoena **[docket entry no. 110]** and the Court's own Order of Contempt **[docket entry no. 181]**. Also pending are a Motion for Hearing **[docket entry no. 193]** and a Motion to Set Aside the Contempt Order **[docket entry no. 194]** filed by Carnell Kitchens. Having reviewed the motions and circumstances of this case, as well as applicable statutory and case law, the Court finds as follows:

I. Factual and Procedural Background

The parties involved are by now well familiar with the facts and circumstances of these contempt proceedings, but they bear repeating once more here at their close. Carnell Kitchens and his company, CK Consulting Solutions ("CKCS"), were served a subpoena by Defendants Jefferson County Hospital, the Board of Trustees of Jefferson County Hospital, and Regina Reed (collectively, "the

1

Hospital") for certain documents related to consulting services provided to the Hospital. Neither Kitchens nor CKCS responded to the subpoena, prompting the Hospital to move to enforce the subpoena before Magistrate Judge Michael T. Parker. Because Kitchens did not respond to the motion, Judge Parker sua sponte entered an Order to Show Cause **[docket entry no. 130]** as to why Kitchens should not be held in contempt. By way of response, Kitchens wrote a letter to Judge Parker, but the letter contained nothing that Judge Parker found relevant to his Order. Thereafter, Judge Parker entered an Order to Appear **[docket entry no. 139]**. Kitchens failed to appear. Judge Parker then certified the facts of Kitchens's contumacious behavior to this Court under 28 U.S.C. Section 636(e)(6)(B)(iii) in a Report and Recommendation **[docket entry no. 152]**. Kitchens did not object, and the Court adopted Judge Parker's Report and Recommendation in whole **[docket entry no. 164]**. The Court set its own show cause hearing in the same Order, and Kitchens once again failed to appear.

At the end of the hearing, the Court found Kitchens and CKCS in contempt of court and awarded the attorneys their costs related to the proceedings as sanctions. The Court further ordered that Kitchens would be arrested pursuant to a bench warrant to appear at a rescheduled hearing.

## II. Finding of Contempt

At the rescheduled hearing, Kitchens testified that he had

already turned over all the documents that the Hospital had requested and apologized for his behavior. Kitchens denied understanding the gravity of the court orders he chose to ignore. The Hospital, through counsel, agreed that it had received everything it had requested in its subpoena but cautioned that it planned to depose Kitchens and CKCS and did not wish to begin this cycle of behavior again. At the end of the rescheduled hearing, the Court found that Kitchens and CKCS had purged themselves of contempt by complying with the subpoena, but the Court's original sanction of costs to the parties still stands.

The Court will deny the motion for hearing as moot and deny the motion to set aside the contempt order as moot. The only relief requested in the motions was a rehearing, which the Court had already scheduled, and that the arrest warrant be recalled. Kitchens was released from the custody of the U.S. Marshal at the conclusion of the hearing.

### III. Bill of Costs

The Court also ordered at the initial hearing and the rescheduled hearing that the attorneys for the plaintiff and the defendants submit bills of cost pursuant to the Court's sanctions. The attorneys for the Hospital[1] submitted a bill of costs **[docket entry no. 188]** and a supplemental bill of costs after the

---

[1] The attorneys for the remaining defendants did not participate in any of the contempt proceedings and have not requested any costs.

rescheduled hearing **[docket entry no. 195]**. The attorneys for the plaintiff submitted a bill of costs **[docket entry no. 186]** after the initial hearing. The Court further ordered the plaintiff to submit case law in support of awarding the plaintiff's costs because the Court was unsure of whether such costs should be awarded. The plaintiff did so **[docket entry no. 196]** and chose not to supplement his costs with any expenses incurred at the rescheduled hearing or for the research related to the bill of costs.

Having reviewed the bills of costs and the memorandum submitted by the plaintiff, the Court finds that the parties should receive the following amounts:

Plaintiff: $1,000.00

Defendant: $3,591.90

Kitchens will be required to make payments in these amounts to the trust accounts for the attorney's firms, unless the attorneys indicate some other appropriate form of payment. Also, at the rescheduled hearing, Kitchens requested that he be given at least 180 days to pay the sanctions. The plaintiff and defendants raised no objection to this; therefore, the Court finds that this time frame is appropriate. The parties should contact the Court within thirty days of the payment deadline if Kitchens has failed to complete payment.

IV. Order

IT IS HEREBY ORDERED that Carnell Kitchens and CK Consulting Solutions have purged themselves of contempt of court.

FURTHER ORDERED that defendants' Motion to Enforce Subpoena is DENIED as MOOT.

FURTHER ORDERED that Kitchens's Motion for Hearing is DENIED as MOOT.

FURTHER ORDERED that Kitchens's Motion to Set Aside Contempt Order is DENIED.

FURTHER ORDERED that the Court awards costs related to the contempt proceedings to the parties. The plaintiff shall receive $1,000.00. The Hospital shall receive $3,591.90. Payment shall be made to the attorneys' trust accounts within 180 days of the date of entry of this order.

FURTHER ORDERED that the Court retains jurisdiction over Carnell Kitchens and CK Consulting Solutions to ensure compliance with this order.

SO ORDERED this the 8th day of December 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE