```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


JERRY L. KENNEDY                                         PLAINTIFF


VS.                             CIVIL ACTION NO: 5:13-cv-226-DCB-MTP


JEFFERSON COUNTY, MISSISSIPPI, by and through
its Board of Supervisors, JEFFERSON COUNTY
HOSPITAL, BOARD OF TRUSTEES OF JEFFERSON
COUNTY HOSPITAL, in its official capacity,
and DUDLEY GUICE, individually and in his
official capacity, REGINA REED, individually
and in her official capacity,
and JOHN DOES 1-10                                       DEFENDANTS
```

**ORDER DENYING MOTION TO DISMISS**
**OR IN THE ALTERNATIVE MOTION TO REMAND**

This cause comes before the Court on Plaintiff's, Jerry L. Kennedy, Motion to Dismiss for Lack of Jurisdiction **[docket entry no. 90]**. Having reviewed the motion and responses, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

I. Factual[1] and Procedural Background

Around September of 1999, Plaintiff Jerry L. Kennedy was hired as an administrator of the Jefferson County Hospital ("the

---

[1] The factual assertions in this order are taken from the Second Amended Complaint. Because this is a motion to dismiss, the Court must make all factual inferences in the plaintiff's favor. Further, the defendants do not contest the facts of the complaint in their responses. But this order should not be read as a determination that the defendants are liable for any of plaintiff's alleged causes of action.

1

Hospital"). Kennedy's employment was governed by a contract reached by agreement between Kennedy and the Board of Trustees of the Hospital ("the Hospital Board"). Defendants Regina Reed and Dudley Guice were members of the Hospital Board during Kennedy's employment. Kennedy's contract was renewed for a term of five years on May 9, 2012. Around that time, the composition of the Hospital Board changed, and new members less favorable to Kennedy were installed. The contract guaranteed that Kennedy would not be fired without cause, that he would receive 120 days notice prior to termination, and that he would be given 120 days to correct the alleged cause of his termination. On April 10, 2013, the Board terminated Kennedy without notice.

Kennedy originally filed suit in the Circuit Court of Jefferson County in November of 2013,[2] alleging federal claims for deprivation of civil rights, conspiracy to interfere with civil rights, and age and gender discrimination, and alleging state law claims for breach of contract, specific performance, slander per se, civil conspiracy, and tortious interference with contract. On December 2, 2013, Defendants-the Hospital, the Hospital Board, and Reed-removed the case to federal court, alleging federal question jurisdiction.

On April 18, 2014, Kennedy filed a motion for leave to amend

---

[2] Kennedy filed his initial complaint on November 7, 2013, but amended that complaint on November 13, 2013.

2

his complaint to omit his federal law claims. See Mot. Amend/Correct, ECF No. 39. At the Case Management Conference on April 30, 2014, Kennedy made an <u>ore tenus</u> motion to withdraw his damages claims for physical pain and suffering and for medical bills, which was granted. See Order, ECF No. 48. Thereafter, Kennedy's motion to amend his complaint was granted in a short order. See Order, ECF No. 51. Kennedy's Second Amended Complaint contains essentially the same facts but alleges only the state law claims. See Second Amended Complaint p. 5-9, ECF No. 52.

On April 30, 2014, Kennedy filed a new suit in the Circuit Court of Jefferson County against the same defendants.[3] The Parallel Complaint contains the same exclusively state law causes of action as the Second Amended Complaint, but it includes damages for physical pain and suffering and medical bills. Parallel Complaint ¶ 46, ECF No. 93-11. The state court case has been stayed pending the outcome of the case before this Court. See Surrebuttal Ex. M, ECF No. 172-2.

On June 17, 2014, Kennedy filed a motion to dismiss arguing that this Court lacks jurisdiction to hear the case. All of the defendants have responded in opposition. See Resp., ECF No. 93 (the

---

[3] The caption of the case lists the same defendants, though at the time of briefing only Defendant Jefferson County, Mississippi, had been served. See Resp. Ex. K ("Parallel Complaint"), ECF No. 93-11; Mem. Opp. p. 5 n.27, ECF No. 94. It appears as though the remaining defendants have since been served.

Hospital, the Hospital Board, and Reed); Resp., ECF No. 102 (Jefferson County, Mississippi); Resp., ECF No. 106 (Guice).

## II. Analysis

Kennedy's motion argues that this Court should dismiss the case for lack of jurisdiction or, alternatively, remand the case to the Circuit Court of Jefferson County. However, in his reply, Kennedy concedes that the Court does have continuing supplemental jurisdiction over his claims.[4] The question remaining before the Court is whether it should decline to exercise its continuing supplemental jurisdiction. "[T]he decision as to whether to retain [supplemental jurisdiction over] the pendent claims lies within the sound discretion of the district court." Brown v. Sw. Bell Telephone Co., 901 F.2d 1250, 1254 (5th Cir. 1990) (citing In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980)).

The Court looks to both statutory and common law factors to determine whether to retain supplemental jurisdiction. Enochs v. Lampasas Cnty., 641 F.3d 155, 158-59 (5th Cir. 2011). The statutory

---

[4] The defendants were quick to point out that "[t]he existence of subject matter jurisdiction is determined at the time of removal," In re Bissonnet Investments, LLC, 320 F.3d 520, 525 (5th Cir. 2003), and "post-removal events will generally not deprive the court of jurisdiction," Bank One Tex. Nat'l Ass'n v. Morrison, 26 F.3d 544, 547 (5th Cir. 1994). It is unquestioned that the Court had federal question jurisdiction flowing from 28 U.S.C. Section 1331 over the federal claims and supplemental jurisdiction flowing from 28 U.S.C. Section 1367 over the state law claims at the time of removal. Further, one group of defendants presaged this argument in a response to Kennedy's motion to amend and sought to foreclose the possibility of dismissal or remand. See Resp. ¶¶ 3-4, ECF No. 46.

factors come from 28 U.S.C. Section 1367(c) and include whether:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (1990). The common law factors come from Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), and include: (1) judicial economy, (2) convenience, (3) fairness, and (4) comity. 484 U.S. at 350. The Supreme Court also cautioned courts to consider whether a plaintiff has engaged "in any manipulative tactics . . . to manipulate the forum" in balancing the factors. Id., at 357. "[N]o single factor is dispositive." Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008).

Looking to the statutory factors, the first factor weighs in favor of retaining jurisdiction because the claims do not raise novel or complex state law issues. The second and third factors weigh in favor of declining jurisdiction because the "state law claims predominate over the non-existent federal claims" and the Court "dismissed all federal claims when it granted [Kennedy's] motion to file an amended complaint." Enochs, 641 F.3d at 159. The fourth factor weighs in favor of retaining jurisdiction because there are no "compelling reasons" to decline jurisdiction.

The Court next turns to the common law factors. Considering

judicial economy, the Court has already expended some resources in adjudicating this case. The parties have already participated in a case management conference before the Magistrate Judge and expounded a fairly large amount of discovery including subpoenas, depositions, and interrogatories. But the Court "must look at the case as of the filing of the motion to dismiss and not with the benefit of hindsight." Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992). As of filing, the case had been pending in federal court for seven months; discovery would not conclude for nine more months; and trial was not set for fourteen more months. The case was, and still is, at a relatively early stage. Further, although the district judge has since become involved in the case, as of filing, "the trial court was not so intimately involved in, and familiar with, the case that proceeding further in federal court would [] prevent[] redundancy." Id. Thus, judicial economy weighs in favor of declining jurisdiction.

As to convenience, Kennedy does not specifically argue that the Circuit Court of Jefferson County is more convenient than the District Courthouse located in neighboring Adams County. Guice points out in his response that Kennedy is not even a resident of Jefferson County and argues that the electronic filing system, unavailable in state court, makes federal court more convenient for all involved. See Resp. p. 4, ECF No. 107. Because Kennedy has not argued inconvenience, the Court finds that this factor weighs in

favor of retaining jurisdiction.

As to fairness, this "factor concerns the prejudice to the parties that would arise from dismissal." Parker & Parsley Petroleum, 972 F.2d at 588. No party has argued that it would be prejudiced by dismissal, and the Court cannot see that any party would be prejudiced. Therefore, this factor weighs in favor of declining jurisdiction.

As to comity, the Court finds that this factor weighs in favor of retaining jurisdiction. Although comity and federalism are commingled in weighing this factor and federal courts are "not as well equipped for determinations of state law as are state courts," the claims do not present difficult questions or questions of first impression. Id. at 588-89. Further, the Court has, since the filing of the motion,[5] engaged in a contempt proceeding where it found a non-party in contempt of court for failing to comply with a subpoena and failing to comply with multiple court orders, including two ordered appearances. The Court has retained jurisdiction over the contemnor to ensure its sanctions are paid.[6]

---

[5] The Court specifically rejects consideration of these proceedings in weighing judicial economy, but it finds them relevant to comity, which, like the other common law factors, is not bound to a determination at the time of filing.

[6] Even if the Court had declined to exercise jurisdiction over the pendent state law claims, the Court would have retained jurisdiction over the contempt proceedings. See Qureshi v. U.S., 600 F.3d 523, 525 (5th Cir. 2010) (citing U.S. v. United Mine Workers, 330 U.S. 258, 294 (1947)) (holding that "notwithstanding dismissal of the underlying action," "a court may nevertheless

<u>See</u> Order p. 5, ECF No. 201.

Lastly, the Court finds "it is apparent that by dropping his [federal] claims and moving for a remand, [Kennedy has] attempted to engage in precisely the sort of forum manipulation proscribed by <u>Carnegie-Mellon</u>." <u>Brown</u>, 901 F.2d at 1255. This finding is buttressed by Kennedy's new state court suit which seeks damages he declined in federal court but on the same claims. The defendants assert that this move resulted because Kennedy is not required to submit to an examination in state court.

Although the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed," <u>Enochs</u>, 641 F.3d at 161 (quoting <u>Parker & Parsley Petroleum</u>, 972 F.2d at 585)), because the statutory and common law factors break evenly, the Court finds that Kennedy's attempt at forum manipulation tips the balance in favor of retaining jurisdiction. Therefore, the Court will deny the motion to dismiss.

### III. Order

IT IS HEREBY ORDERED that the plaintiff's Motion to Dismiss or in the alternative Motion to Remand is DENIED.


SO ORDERED this the 11th day of December 2014.

                                    /s/ David Bramlette
                                  UNITED STATES DISTRICT JUDGE

---

consider collateral issues," including contempt proceedings).