```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

**JERRY L. KENNEDY**                                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 5:13-cv-226-DCB-MTP**

**JEFFERSON COUNTY, MISSISSIPPI, et al.**                        **DEFENDANTS**

## ORDER DENYING RULE 56(D) MOTION AND GRANTING EXTENSION OF TIME TO RESPOND

This matter is before the Court on Defendants', Board of Trustees of Jefferson County Hospital, Jefferson County Hospital, and Regina Reed, Motion to Deny or Continue Plaintiff's Motion for Partial Summary Judgment under Rule 56(d) **[docket entry no. 210]**. Defendant Jefferson County, Mississippi has joined in the Defendants' motion. Having reviewed the motion and response, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

On January 12, 2015, Plaintiff Jerry L. Kennedy moved for partial summary judgment related to his employment contract and the circumstances of his termination. Mem. Supp. 1, ECF No. 208. In lieu of response, Defendants Board of Trustees of Jefferson County Hospital, Jefferson County Hospital, and Regina Reed (collectively, "the Hospital") moved to deny or continue the motion pursuant to Federal Rule of Civil Procedure 56(d). Resp. ¶1, ECF No. 211. Discovery in this case is set to close on March 2, 2015. Case

1

Management Order, ECF No. 49.

Rule 56(d)[1] provides that a court may defer or deny a motion for summary judgment when the nonmovant has shown "that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d). "[A] party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." Krim v. BancTexas Grp, Inc., 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis in origianl). Rule 56(d) insures against a premature or improvident grant of summary judgment. Massey v. United States, No. 5:11cv60, 2013 WL 594886, at *9 (S.D. Miss. Feb. 14, 2013) (citing Union City Barge Line v. Union Carbide Corp., 823 F.2d 129, 136 (5th Cir. 1987)). Although the Hospital argues that a Rule 56(d) motion should be granted as a matter of course when the defendants have diligently pursued discovery, this is only true when "its diligent efforts to obtain evidence from the moving party have been unsuccessful." Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991). This is not the case here. The Hospital seeks evidence and testimony under the control of neither party.

In truth, the party seeking a continuance cannot merely argue

---

[1] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

the necessity of additional discovery without explaining how specific and as yet undiscovered evidence will create a genuine issue of material fact. Krim, 989 F.2d at 1442. The Hospital argues that discovery is "ongoing" on the issues raised in Kennedy's motion and that both sides are still in the process of discovery on them. Mot. Deny Continue ¶9. But this "vague assertion" is insufficient to overcome the Rule 56(d) burden. See Secs. & Exchange Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980) ("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."). The Hospital identifies as being "[o]f particular significance" board minutes and the employment contract (in addition to the deposition of former board members), but it fails to explain how these pieces of evidence will create a genuine dispute of material fact. See Mot. Deny Continue ¶11.

Based on the above reasoning, the Court will deny the Hospital's motion. The Hospital requested alternatively if the Court denied its motion that it be allowed two weeks from the close of discovery to respond to the motion for summary judgment. The Court interprets this request as a typical request for enlargement of time to respond and will grant it over any potential objection of Kennedy. Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Continue or Deny Plaintiff's Motion for Partial Summary Judgment under Rule

3

56(d) is DENIED.

FURTHER ORDERED that Defendants shall file their responses to the pending Motion for Partial Summary Judgment no later than March 16, 2015.

SO ORDERED this the 24th day of February 2015.

                                                   /s/ David Bramlette  
                                                  UNITED STATES DISTRICT JUDGE