IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JERRY L. KENNEDY**                                                                                              **PLAINTIFF**

**VS.**                                                                                       **CAUSE NO. 5:13-cv-00226-DCB-MTP**

**JEFFERSON COUNTY, MISSISSIPPI, by
and through its Board of Supervisors                                                                  DEFENDANTS
JEFFERSON COUNTY HOSPITAL,
BOARD OF TRUSTEES OF
JEFFERSON COUNTY HOSPITAL,
in its official capacity, AND
DUDLEY GUICE,  Individually and in his
official capacity; REGINA REED, Individually
and in her official capacity; John Does 1-10**

**THIRD AMENDED COMPLAINT**
*Jury Trial Demanded*

COMES NOW the Plaintiff, **JERRY L. KENNEDY**, by and through counsel and files this Third Amended Complaint against JEFFERSON COUNTY, MISSISSIPPI, by and through its Board of Supervisors, JEFFERSON COUNTY HOSPITAL, JEFFERSON COUNTY HOSPITAL BOARD OF TRUSTEES, in its official capacity, SUPERVISOR DUDLEY GUICE, in his official and individual capacity, and REGINA REED, in her official and individual capacity (herein collectively referred to as the Defendants unless otherwise specifically noted) and in support hereof, would show unto the Court the following to wit:

**PARTIES**

1. The Plaintiff, Jerry L. Kennedy, is an adult resident of the State of Mississippi wherein he resides at 3649 Doloroso Loop Road, Woodville, MS 39669.

1

2. The Defendant, Jefferson County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight of the Jefferson County Hospital in Fayette, Mississippi. This defendant may be served with process by affecting the same upon the chancery clerk of Jefferson County.

3. The Defendant, Jefferson County Hospital, is a county-owned hospital with its principal place of business located in Fayette, Jefferson County, Mississippi. The hospital is governed by a seven-member Board of Trustees, appointed by the Jefferson County Board of Supervisors. The Defendant can be served with process through its registered agent, the Chairman (President) of the Board of Trustees, Jeanette Travis.

4. The Defendant, Jefferson County Hospital Board of Trustees, is a governing body with its principal place of business located in Fayette, Jefferson County, Mississippi. The Defendant can be served with process through its registered agent, the Chairman (President) of the Board of Trustees, Jeanette Travis.

5. The Defendant, Dudley Guice, is an adult resident of the State of Mississippi wherein he resides in Jefferson County, MS. He is a member of the Jefferson County Board of Supervisors. The Defendant can be served with process at 1483 Main Street, Floor 1, Fayette, MS 39069-5693. He is being sued individually and in his official capacity as Supervisor.

6. The Defendant, Regina Reed, is an adult resident citizen of the State of Mississippi, wherein she resides in Jefferson County, Mississippi. She is the secretary and member of the Board of Trustees of Jefferson County Hospital. The Defendant can be served with process at 1483 Main Street, Floor 1, Fayette, Mississippi 39069. She is being sued

individually and in her official capacity as a member of the Board of Trustees of Jefferson County Hospital.

7. The Defendants, John Does 1-10, identities are not known to the Plaintiff at this time. Through the discovery process it is further believed that their true and accurate identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend his Complaint and to specifically name the unknown persons as Defendants to this action.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action. Venue is proper pursuant to Miss. Code § 11-11-3 as the contract entered into between Plaintiff and Defendants was executed and approved in Jefferson County, Mississippi.

## FACTS

9. On or about September of 1999, Plaintiff was hired as administrator of the Jefferson County Hospital in Fayette, Mississippi.

10. During Plaintiff's tenure as administrator, his employment was governed by various contractual agreements. The contract terms were decided through the voting process of the Board of Trustees at Jefferson County Hospital. The contracts at issue in the instant case are the Plaintiff's Contract of Employment entered into in 2009, and an extension of said contract entered into in 2012.

11. At the commencement of Plaintiff's position as administrator, the hospital was approximately $1 million in debt. Within 8 months, Plaintiff had successfully erased the debt and made the hospital debt-free.

12. On January 14, 2009, the Jefferson County Hospital Board of Trustees voted in favor of a five-year contract of employment for Jerry Kennedy as Administrator, effective February 12, 2009. The Board gave President Dudley Guice authority to sign such Agreement, and said Agreement was signed on February 12, 2009. See Minutes and Contract attached herein as Exhibit "A." Said contract ran for a term of five (5) years to expire in February of 2014.

13. On May 9, 2012, the contract at issue was agreed upon by the Board and Plaintiff and understood by the Board and the Plaintiff as an extension of the 2009 contract, which would change the date of expiration from 2014 to 2017. The Contract of Employment was approved by vote of the Board of Trustees of Jefferson County Hospital on May 15, 2012. See Contract and Board Action Approving Contract attached as Exhibit "B."

14. The terms of the contract included compensation paid to the Plaintiff in the amount of $299,475 through February 13, 2013. The remainder of the contract entitled the Plaintiff to a $329,423 gross annual salary.

15. Additional terms included specific instructions for termination through the use of both proper cause and written notice. Specifically, the contract states that the employer (Board of Trustees of Jefferson County Hospital) could not fire the Plaintiff without cause, that the Employer is required to give the Plaintiff one hundred-twenty (120) days notice of termination, and that the Employer is required to give the Plaintiff one hundred-twenty (120) days to correct the alleged cause of termination. See Exhibit "B."

16. In the month of May 2013, Plaintiff made the decision to end an approximately $39,000 per month contract between Jefferson County Hospital and a relative of Defendant Guice.

17. Since that time, Defendant Guice replaced those various members of the Jefferson County Hospital Board of Trustees who had previously shown support for Plaintiff. In their place, Defendant Guice installed members who were hostile towards Plaintiff.

18. On April 10, 2013, Plaintiff was, without proper cause or notice, terminated from his position as Administrator of the Jefferson County Hospital. See Minutes attached as Exhibit "C."

19. Also on April 10, 2013, the Defendant Board intentionally omitted from its written agenda for that day its goal to unlawfully terminate Plaintiff, which left him without proper representation by his attorney.

20. Plaintiff has constantly been the subject of slanderous claims by Defendant Guice and Defendant Reed, accusing him of fraud and labeling the Plaintiff as a thief, philanderer and incompetent amongst other derogatory depictions.

21. On or about November 21, 2012, the hospital was the subject of an audit. The results of said audit were positive and confirmed there was no fraudulent activity occurring at the hospital.

22. On or about March 7, 2013, Defendant Guice authored an article in the Fayette Chronicle newspaper. Defendant Guice boasted that the hospital was to have "more than 8 million dollars in the bank, debt free."

23. On March 19, 2013, Plaintiff left a board meeting early due to an illness; the illness was properly documented. This proper documentation was ignored by the Board of Trustees.

24. Plaintiff's health has deteriorated since Defendants began harassing and mistreating Plaintiff which in time has caused a considerable amount of emotional distress and suffering.

## COUNT I: BREACH OF CONTRACT

24. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

25. Plaintiff's 2009 contract with Defendants and the 2012 extension of said term provided that Plaintiff would be employed through May of 2017 and that Plaintiff's employment could not be terminated without cause and without 120 days notice to the Plaintiff as well as a 120 day period to allow Plaintiff to correct any alleged causes for termination.

26. Defendants knowingly breached their contractual employment agreement with Plaintiff when they, without the requisite cause, notice, or opportunity to correct, terminated him from his position as Administrator.

27. As a result of said breach of contract, Plaintiff has suffered a loss of wages he would have received had the Defendants not breached the contract by terminating the Plaintiff, as well as suffering poor physical and mental health, pain and suffering, emotional distress, and financial hardship.

## COUNT II: SPECIFIC PERFORMANCE

28. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

29. Plaintiff's contracts with Defendants provided that Plaintiff would be employed through May of 2017 and that Plaintiff's employment could not be terminated without cause and without 120 days notice to the Plaintiff as well as a 120 day period to allow Plaintiff to correct any alleged causes for termination.

30. As Defendants clearly did not follow the procedures set forth in its contract with the Plaintiff in their attempted termination of the Plaintiff's employment, the termination of the Plaintiff from his employment as the Administrator of the Jefferson County Hospital is void and unenforceable. As such, the Defendants should be compelled to perform its contract of employment with the Plaintiff and re-appoint and employ the Plaintiff as the Administrator of Jefferson County Hospital through May of 2017 as his contract of employment requires.

## **COUNT III: SLANDER PER SE**

31. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

32. Defendants Dudley Guice and Regina Reed have repeatedly made statements of a defamatory nature regarding Plaintiff Jerry Kennedy's capabilities and job performance as the Administrator of the Jefferson County Hospital. Guice and Reed have also repeatedly made statements suggesting that Plaintiff Jerry Kennedy has committed fraud and has misappropriated the funds and property of the Jefferson County Hospital for his own use. Guice has specifically made statements regarding Plaintiff Jerry Kennedy's intelligence and competence, specifically that Plaintiff Kennedy "was not that bright."

33. The defamatory statements made by Guice and Reed have been made to other members of the community in public. Defendants Guice and Reed have made defamatory statements about the Plaintiff in an open meeting, an appreciation ceremony for the Plaintiff, and at a hospital ground breaking ceremony and at other times and places.

34. The statements made by Defendants Guice and Reed in public and to other members of the community have damaged the Plaintiff's personal and professional reputation in the community. As the Plaintiff's position as Administrator is the public face of Jefferson County Hospital, the defamatory statements by Guice and Reed have damaged Plaintiff's ability to develop and maintain a positive rapport with the community.

35. In addition to the damage to Plaintiff's personal and professional reputation, Plaintiff has also suffered and continues to suffer from mental anguish, emotional distress, and physical pain and suffering as a result of Defendants Guice and Reed's defamatory and slanderous statements.

## COUNT IV: CIVIL CONSPIRACY UNDER THE LAWS OF THE STATE OF MISSISSIPPI

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

37. Defendants Regina Reed and Dudley Guice agreed to undertake and undertook a course of unlawful action in combination and in concert with one another to deprive Plaintiff Jerry Kennedy of his constitutional rights, to remove Plaintiff Jerry Kennedy from his employment with the Jefferson County Hospital and to permanently damage Plaintiff Jerry Kennedy's reputation and prospects of obtaining future employment.

38. Defendants Regina Reed and Dudley Guice accomplished such purposes through the public defaming of Jerry Kennedy, knowingly making false accusations of criminal behavior against Jerry Kennedy to various individuals and state entities, by circumventing Mississippi law and agreed-upon policies and procedures of the Jefferson County Board of Trustees for the purpose of removing Jerry Kennedy from his position as Administrator of Jefferson County Hospital, and other unlawful acts.

39. In addition to the damage to Plaintiff's personal and professional reputation, Plaintiff has also suffered and continues to suffer from mental anguish, emotional distress, and physical pain and suffering as a result of Defendants Guice and Reed's acts in furtherance of their conspiracy.

## **COUNT V: TORTIOUS INTERFERENCE WITH A CONTRACT**

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

41. Defendants Guice and Reed made slanderous statements to employees and/or representatives of Claiborne County Hospital and the Claiborne County Hospital Board of Trustees and Claiborne County Board of Supervisors regarding Plaintiff Jerry Kennedy's job performance and capabilities, Plaintiff Jerry Kennedy's intelligence, and that Plaintiff Jerry Kennedy had engaged in unlawful and fraudulent acts for the intended purpose of compelling the Claiborne County Hospital, Claiborne County, Mississippi, and the Claiborne County Hospital Board of Trustees to terminate Jerry Kennedy's employment with the Claiborne County Hospital.

42. At the time that Defendants Guice and Reed made such slanderous statements, Plaintiff Jerry Kennedy was a party to an enforceable contract of employment with the Board of Trustees of Claiborne County Hospital wherein Plaintiff Jerry Kennedy was employed as a Consultant.  Defendants Guice and Reed knew of the existence of Plaintiff Jerry Kennedy's contract with the Board of Trustees of Claiborne County Hospital.

43. As a proximate result of the actions of Defendants Guice and Reed, the Board of Trustees of Claiborne County Hospital terminated Plaintiff's employment with the Board of Trustees of Claiborne County Hospital on April 1, 2013.

44. The conduct of Defendants Guice and Reed were intentional, willful and calculated for the unlawful purpose of causing damage and loss to the Plaintiff, including but not limited to the loss of Plaintiff's employment with the Board of Trustees of Claiborne County Hospital without right or justifiable cause.

## DAMAGES

45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

46. As a result of Defendants' actions described above, Plaintiff sustained injuries and incurred substantial damages as listed below including, but not limited to the following:

    a. Loss of employment;

    b. Lost wages;

    c. Attorney fees in the amount of 40% together with all costs herein;

    d. Doctor, hospital, pharmaceutical, and medical bills;

    e. Mental anguish and emotional distress;

    f.   Physical pain and suffering;

    g.   Pre and post-judgment interest at the annual rate of 8%; and

    h.   Any other relief, economic or non-economic, which the Court or jury deems just or appropriate pursuant to the laws of the State of Mississippi based upon the facts and circumstances of this case.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully demands trial by jury and respectfully requests that judgment be entered against Defendants, JEFFERSON COUNTY, MISSISSIPPI, JEFFERSON COUNTY HOSPITAL, BOARD OF TRUSTEES OF JEFFERSON COUNTY HOSPITAL, DUDLEY GUICE, in his official and individual capacity, and REGINA REED, in her official and individual capacity (hereinafter collectively referred to as the Defendants unless otherwise specifically noted), jointly and severally, for compensatory damages as shown by the evidence, pre and post-judgment interest, punitive damages, attorney's fees, all costs, fees, and disbursements, and such other relief under the laws of the State of Mississippi or of any kind to which the Plaintiff is otherwise entitled. Plaintiff also respectfully demands that the Court compel the Defendants to perform the terms of the contract of employment entered into between the Plaintiff and Defendants by re-appointing and employing the Plaintiff to his previous position as Administrator of the Jefferson County Hospital.

    THIS the 14th day of July, 2015.

                      Respectfully submitted,
                      JERRY L. KENNEDY,
                      Plaintiff

                      BY: /s/ *Chuck McRae*
                          CHUCK MCRAE, MSB #2804

CHUCK McRAE, MSB #2804
SETH C. LITTLE, MSB #102890
McRAE LAW FIRM, PLLC
416 EAST AMITE STREET
JACKSON, MS 39201
Office: 601.944.1008
Fax: 866.236.7731
Email: Chuck@mcraelaw.net
        Seth@mcraelaw.net

**CERTIFICATE OF SERVICE**

I, Chuck McRae, hereby certify that I have this day filed a true and correct copy of the above and foregoing with this Court's electronic filing system which automatically sends notification to all counsel of record.

THIS the 14th day of July, 2015.

/s/   *Chuck McRae*
CHUCK MCRAE, MSB #2804