**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JERRY L. KENNEDY**                                                                                          **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO: 5:13-cv-226-DCB-MTP**

**JEFFERSON COUNTY, MISSISSIPPI, et al.**                                     **DEFENDANTS**

<u>**ORDER DENYING MOTION TO REMAND**</u>

This cause comes before the Court on Plaintiff's, Jerry L. Kennedy, Motion to Remand Renewed **[docket entry no. 335]** and Emergency Motion to Stay Proceedings **[docket entry no. 336]**. Having reviewed the motions, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

On December 12, 2014, the Court previously ruled on a motion to remand in this case. The Court found that the statutory and common law factors broke evenly but "that Kennedy's attempt at forum manipulation tip[ped] the balance in favor of retaining jurisdiction." Order 8, ECF No. 203. Kennedy does not mention this finding in his renewed motion; instead he argues that an issue arising from the summary judgment motions and motions in limine in this case-the preclusive effect of a finding by the Mississippi Department of Employment Security-justifies remanding this case to state court. The question before the Court, then as now, is whether

1

it should decline to exercise its continuing supplemental jurisdiction. "[T]he decision as to whether to retain [supplemental jurisdiction over] the pendent claims lies within the sound discretion of the district court." Brown v. Sw. Bell Telephone Co., 901 F.2d 1250, 1254 (5th Cir. 1990) (citing In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980)).

The Court looks to both statutory and common law factors to determine whether to retain supplemental jurisdiction. Enochs v. Lampasas Cnty., 641 F.3d 155, 158-59 (5th Cir. 2011). The statutory factors come from 28 U.S.C. Section 1367(c) and include whether:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (1990). The common law factors come from Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), and include: (1) judicial economy, (2) convenience, (3) fairness, and (4) comity. 484 U.S. at 350. The Supreme Court also cautioned courts to consider whether a plaintiff has engaged "in any manipulative tactics . . . to manipulate the forum" in balancing the factors. Id., at 357. "[N]o single factor is dispositive." Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008).

The analysis for many of these factors, both statutory and

common law, is identical to the Court's prior analysis, and the Court will only discuss those factors that have changed or which the Court feels need to be addressed.

As to the first statutory factor, the Court finds that the issue to be determined is not a novel or complex issue of state law. Both federal and state courts in Mississippi have addressed the preclusive effect given to state agency decisions, and the Court can follow easily in their footsteps here. Kennedy argues that this question will be doggedly pursued in this case to the Mississippi Supreme Court, and the Court notes that Kennedy is not foreclosed that avenue of appeal by virtue of trial in federal court. He may request that the federal courts certify a question to the state court, if he so chooses. Based on the above reasoning for the first factor, the Court finds that the analysis of the statutory factors remains unchanged: two for and two against retention of the case. Turning to the common law factors, the Court's analysis has changed. As to judicial economy, many more judicial resources have been expended in this case since the original motion, and the Court "must look at the case as of the filing of the motion . . . ." Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992). Further, the district judge is now very familiar with this case and involved in it. Therefore, this factor weighs in favor of retaining jurisdiction. The Court's analysis of the other factors remains the

same. Now, considering the changed analysis of judicial economy, the common law factors weigh in favor of retaining jurisdiction. Lastly, the Court's original finding of forum manipulation remains valid.

Based on the above analysis, the Court will deny the motion to remand. Having denied the motion to remand, the motion to stay proceedings pending the resolution of the motion to remand is now moot. Therefore, the Court will deny that motion, as well.

Accordingly,

IT IS HEREBY ORDERED THAT the Motion to Remand is DENIED.

FURTHER ORDERED that the Motion to Stay Proceedings is DENIED as MOOT.

SO ORDERED this the 17th day of September 2015.

                                              /s/ David Bramlette
                                              United States District Judge