```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JERRY L. KENNEDY                                        PLAINTIFF

VS.                         CIVIL ACTION NO: 5:13-cv-226(DCB)(MTP)

JEFFERSON COUNTY HOSPITAL and
BOARD OF TRUSTEES OF JEFFERSON
COUNTY HOSPITAL                                        DEFENDANTS
```

ORDER

This cause is before the Court on defendants Jefferson County Hospital and Board of Trustees of Jefferson County Hospital's Renewed Motion for Summary Judgment or, in the alternative, Motion in Limine (docket entry 362), and on plaintiff Jerry L. Kennedy's Motion to Strike the defendants' motion **(docket entry 366)**. Having carefully considered the motions and responses, as well as the applicable law, and being fully advised in the premises, the Court finds as follows:

The defendants' motion raises two questions of law not previously addressed by the Court: (1) the effect of the Mississippi Department of Employment Security's finding that the plaintiff was discharged for insubordination, and (2) the effect of the plaintiff's 2009 and 2012 employment contracts not being made part of the Hospital's minutes.  The defendants suggest that these two issues, together or separately, are dispositive of this case and warrant consideration by the Court.

Summary Judgment in favor of defendant Jefferson County was granted on July 13, 2015, and said defendant was dismissed.  A settlement conference held on March 16, 2016, resulted in

settlements between the plaintiff and defendants Dudley Guice and Regina Reed, and said defendants were also dismissed.  During the settlement conference, defendants' counsel advised Magistrate Judge Roper of their intention to renew their motion for summary judgment, or in the alternative motion in limine.

In response, the plaintiff has filed a motion to strike, claiming that the deadline for dispositive motions has passed, and that the Court previously announced that the issues raised by the defendants would be determined at trial.  The Court finds, however, that, as stated in the Advisory Committee Notes for the 1963 amendment to Federal Rule of Civil Procedure 56, "[t]he very mission of the summary judgment procedure is ... to assess the proof in order to see whether there is a genuine need for trial."  Likewise, motions in limine are "made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."  <u>O'Rear v. Fruehauf Corp.</u>, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)(citation and quotations omitted).  Both types of motion are utilized to determine whether there are any genuine issues for trial.

In light of the recent dismissal of defendants Guice and Reed, the Court finds that the issues have been limited, and might be further limited depending on the outcome of the defendants'

motions.  Furthermore, the defendants have not waived their right to seek a resolution of these issues pursuant to Fed.R.Civ.P. 56. See Swanson v. Leggett & Platt, Inc., 1996 WL 613158, *1 (N.D. Ill. Oct. 22, 1996).

The Court shall therefore deny the plaintiff's motion to strike the defendants' motions, and the plaintiff shall file a response to the defendants' motions within 14 days from the date of entry of this Order.

Accordingly,

IT IS HEREBY ORDERED that plaintiff Kennedy's Motion to Strike **(docket entry 366)** the defendants' Motion for Summary Judgment or, in the alternative, Motion in Limine, is DENIED;

FURTHER ORDERED that plaintiff Kennedy shall file a response to the defendants' Motion for Summary Judgment or, in the alternative, Motion in Limine, within fourteen (14) days from the date of entry of this Order;

FURTHER ORDERED that amendments/revision of the Pre-Trial Order, jury instruction conference, and trial are postponed pending resolution of the defendants' motions for summary judgment or in the alternative in limine.

SO ORDERED, this the 2nd day of May, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE