```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION


JERRY L. KENNEDY                                       PLAINTIFF

VS.                         CIVIL ACTION NO: 5:13-cv-226(DCB)(MTP)

JEFFERSON COUNTY HOSPITAL                              DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Jefferson County Hospital ("the Hospital")'s Renewed Motion for Summary Judgment or, in the alternative, Motion in Limine **(docket entry 362)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being fully advised in the premises the Court finds as follows:

Because of a partial settlement, two defendants and six claims are no longer part of this case. See docket entry of March 16, 2016; Agreed Order of Dismissal with Prejudice as to Dudley Guice (docket entry 364); Agreed Order of Dismissal with Prejudice as to Regina Reed (docket entry 365). The only remaining claim is a breach of contract claim against the Hospital.

The primary issue raised by the defendant is whether the Mississippi Department of Employment Security ("MDES")'s decision that the plaintiff, Jerry L. Kennedy ("Kennedy"), "was discharged for a known policy of insubordination" bars his breach of contract claim against the Hospital.

Both this Court's previous denial of summary judgment and its denial of previous motions in limine constitute interlocutory

orders under Federal Rule of Civil Procedure 54(b), and the Court "may reconsider and reverse [its rulings] any time before entering final judgment." Millar v. Houghton, 115 F.3d 348, 350 (5th Cir. 1997). Under Rule 54(b), a court may grant a party's renewed motion "'for any reason it deems sufficient.'" United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013)(quoting Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210-11 (5th Cir. 2010)). Unlike motions brought after final judgment under Rules 59 and 60, renewed motions regarding interlocutory orders may be granted "even in the absence of new evidence or an intervening change in or clarification of substantive law." Saqui, 595 F.3d at 210-11 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)(overruled on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)). District courts within the Fifth Circuit often consider and grant such motions. See, e.g., Johnson v. TCB Construction Co., Inc., 2007 WL 37769 (S.D. Miss.); Glenn v. Imperial Palace of Mississippi, LLC, 2013 WL 3712429 (S.D. Miss. 2013); Employers Mut. Cas. Co. v. Normmurray Springs Bottled Water Co., Inc., 2010 WL 3001226 (N.D. Miss. 2010).

The Court previously found, in its Order of July 13, 2015 (docket entry 316), that the Mississippi Department of Employment Security ("MDES") held a hearing wherein the Administrative Law Judge ("ALJ") determined that Kennedy was terminated for cause, i.e., for misconduct (specifically "insubordination"). The Court

further found that the following findings by the ALJ are entitled to preclusive effect:

> Claimant was employed from 09/27/1999 to 04/11/2013, as an administrator, by Jefferson County Hospital, Fayette, Mississippi, when he was discharged by the board members for insubordination.
>
> Prior to a board meeting on 03/11/2013, the board requested claimant to bring invoices on some programs, his travel information to discuss financial records, which he failed to do as instructed. He was instructed to bring the same information for the next board meeting on 03/19/2013.
>
> On 03/19/2013, he failed to bring the information again as instructed. The board was concern [sic] that the hospital's number of patients had dropped, as he was a consultant/administrator for another hospital, who [sic] was their competitor. The secretary board of trustees [sic] ask [sic] claimant to make a decision as to which hospital was he going to work for, when he told the board he was not answering any questions and walked out of the meeting. This was the third time claimant had walked out of a board meeting, but the employer did not have dates. However, the employer terminated him on 04/11/2013, for insubordination. Claimant was aware of the policy for insubordination, as his position was one with authority to terminate subordinates for insubordination as well.
>
> The claimant was discharged for a known policy for insubordination.
>
> The employer was trying to resolve some financial records, which obviously the claimant was not cooperative in this matter when he deliberately became insubordinate towards the members of the board, and walked out. Such behavior shows a willful and wanton disregard of the employer's interest, and one with authority. Claimant's behavior does rise to the level of misconduct connected with the work, as that term is defined by the law.

These findings were not appealed to the Chancery Court of Jefferson County. The plaintiff had appellate remedies available to him in state court but chose not to pursue them. As a result, the

plaintiff is clearly bound by his failure to appeal the ALJ's ruling. <u>Ellis v. Mississippi State Dept. of Health</u>, 2006 WL 2228974, *5 (N.D. Miss. Aug. 3, 2006). Had he filed an appeal, Kennedy would have had the opportunity to present evidence, if any, that the MESC's decision was tainted by fraud or based on a lack of substantial evidence. <u>Cox v. DeSoto County, Miss.</u>, 564 F.3d 745, 748 (5th Cir. 2009)(citing <u>NCI Bldg. Components v. Berry</u>, 811 So.2d 321, 329 (Miss.Ct.App. 2001)). Because he failed to fully avail himself of this avenue, he cannot now collaterally attack the MESC's decision. <u>Id</u>.

The Court previously provided the parties leave to submit supplemental authorities regarding whether Kennedy should be given an opportunity in an evidentiary hearing to show that the unemployment proceedings were "tainted by fraud or based on a lack of substantial evidence." The Court now finds that an evidentiary hearing concerning the preclusive effect of the unemployment proceedings is inappropriate because Kennedy may not, under any circumstances, collaterally attack the unemployment findings with an argument in this Court that the unemployment hearing was tainted by fraud or based on a lack of substantial evidence. The Fifth Circuit addressed this precise issue in <u>Cox</u>, and held that if the plaintiff thought the unemployment hearing was tainted by fraud or based on a lack of substantial evidence, he was required to make that argument on direct appeal in the underlying unemployment

proceeding. Cox, 564 F.3d at 748. A collateral showing of fraud or lack of substantial evidence in a subsequent action simply is not allowed. The rule that applies in this case was clearly articulated in Cox:

> [The plaintiff] failed to pursue her appropriate avenues to challenge the judgment. Had she done so, she would have had the opportunity to present evidence, if any, that the [MDES] decision was tainted by fraud or based on a lack of substantial evidence. Because [the plaintiff] failed to fully avail herself of this avenue, she cannot now collaterally attack the [MDES] decision.

Cox, 564 F.3d at 748 (internal citations omitted). Cox controls and prohibits Kennedy from demonstrating fraud or lack of substantial evidence in this lawsuit.

Having decided that Kennedy may not undermine the MDES findings, the Court's next step is to apply the MDES findings to the substantive elements of the breach of contract claim. Under either the 2009 or 2012 contract, Kennedy must show that the Hospital was "without cause" to terminate him in order to prove a breach. Kennedy cannot possibly prove that the Hospital was "without cause" to terminate him because it already has been conclusively established that he committed "insubordination," including failing to provide the Board of Trustees with requested documentation and walking out of meetings. See Cayson v. Mart Sys., Inc., 2005 WL 1330895, *2 (N.D. Miss. 2005)(holding that because the plaintiff "litigated the issue of why she was terminated" in front of the MDES, she was "precluded from

5

relitigating the issue of why she was fired").

Furthermore, under the Full Faith and Credit Act, 28 U.S.C. § 1738, "federal courts must give the same preclusive effect to state court judgments that those judgments would receive in the courts of the state from which the judgment emerged." Jones v. McCullum, 2013 WL 5563787, *5 (S.D. Miss. Oct. 7, 2013)(citing Raju v. Rhodes, 7 F.3d 1210, 1214 (5th Cir. 1993)).  "[R]es judicata bars a plaintiff from bringing a second or subsequent lawsuit based upon the same event or series of events by asserting additional facts <u>or proceeding under a different legal theory</u>.  The doctrine prevents 'litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Lacroix v. Marshall County, Miss., 2009 WL 3246671, *5 (emphasis in original) (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)).

This Court must accord the decision of the ALJ precisely the same preclusive effect as would a sister court of the State of Mississippi. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380-81 (1985).  Consequently, this Court must consider the Mississippi doctrines of res judicata and collateral estoppel, not the similar federal doctrines of claim and issue preclusion. Wicker v. Union County General Hospital, 673 F.Supp. 177, 181-82 (N.D. Miss. 1987).

A claim is barred by res judicata if it presents four

identities:

> (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

Riley v. Moreland, 537 So.2d 1348, 1354 (Miss. 1989)(quoting Dunaway v. W.H. Hopper and Associates, Inc., 422 So.2d 749, 751 (Miss. 1982).

The Mississippi Supreme Court refers to the first identity as "identity of the subject matter," not "identity of relief sought." Dunaway, 422 So.2d at 751. Both the MDES hearing and the present action share the identical subject matter, i.e., whether Kennedy was terminated for cause (specifically misconduct in the form of insubordination).

The second identity is defined as "identity of underlying facts and circumstances upon which a claim is asserted and relief sought from the two actions." Riley, 537 So.2d at 1354 (citing Walton v. Bourgeois, 512 So.2d 698, 701 (Miss. 1987)). The Mississippi Supreme Court also looks to the "nature and source of the right alleged to have been infringed." Dunaway, 422 So.2d at 751. The phrase "cause of action" may refer to (1) a right to institute and carry on an action; and (2) the facts giving rise to an action. Riley, 537 So.2d at 1354. Therefore, if the underlying facts and circumstances giving rise to the plaintiff's claim here are the same as the ones the plaintiff raised in his MDES hearing,

7

then identity of cause of action is present.  Here, the underlying facts and circumstances are the same: the plaintiff's right to recovery under both actions depends on whether or not he was terminated for cause.

Mississippi follows the general rule that for res judicata to apply, the parties in the two actions must be substantially identical.  <u>Cherry v. Anthony, Gibbs, Sage</u>, 501 So.2d 416, 418 (Miss. 1987).  The third identity is easily met here because the parties are exactly the same: the plaintiff and his employer.

To determine whether the fourth identity is met, the Court looks to the capacity in which the defendant was sued in both actions.  <u>Moses v. Flanagan</u>, 727 F.Supp. 309, (N.D. Miss. 1989).  The capacity of the defendant as hospital/employer is the same in both actions.  Therefore, all four identities are met, and the Court finds that the doctrine of res judicata applies.  The defendant is entitled to summary judgment because the instant suit is barred by the principles of res judicata.

Because the Court finds that all of the plaintiff's claims against the Hospital are precluded by res judicata, a discussion of the Hospital's alternative grounds for dismissal is not necessary.  <u>Gelenter v. Vickers</u>, 1995 WL 1945573, *2 n.4 (N.D. Miss. May 12, 1995).

Accordingly,

IT IS HEREBY ORDERED that the defendant Jefferson County

Hospital's Motion for Summary Judgment **(docket entry 362)** is GRANTED, and the Motion in Limine is denied as moot.

A Final Judgment shall follow.

SO ORDERED, this the 12th day of August, 2016.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE