```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JERRY L. KENNEDY                                         PLAINTIFF

VS.                         CIVIL ACTION NO: 5:13-cv-226(DCB)(MTP)

JEFFERSON COUNTY HOSPITAL                                DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiff Jerry L. Kennedy ("Kennedy")'s Motion to Alter or Amend Judgment Based on Intervening Change in Controlling Law **(docket entry 378)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being fully advised in the premises the Court finds as follows:

On August 12, 2016, the Court granted summary judgment to defendant Jefferson County Hospital on Kennedy's breach of contract claim.  See docket entry 375.  The Court relied on the Fifth Circuit's decision in Cox v. Desoto County, Mississippi, 564 F.3d 745 (5th Cir. 2009) in holding that the Mississippi Department of Employment Security ("MDES")'s finding that Kennedy was terminated for insubordination barred Kennedy's breach of contract claim.  In addressing Kennedy's argument that he should be allowed to argue that the MDES proceedings were tainted by fraud, the Court quoted the Fifth Circuit's holding in Cox that a plaintiff cannot collaterally attack a MDES decision in federal court because the proper avenue for such an attack is the Mississippi state court system through direct appeal.  A Final Judgment was entered on

August 12, 2016, the same day as the Order granting summary judgment. See docket entry 376.

Kennedy's present motion was filed on September 9, 2016. Depending on the timing of the motion, the Fifth Circuit treats a motion for reconsideration as either a motion to alter or amend under Rule 59(e), or a motion for relief from judgment under Rule 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). If the motion is filed within 28 days of entry of the judgment, then the motion constitutes a motion to alter or amend under Rule 59(e). Id.; Fed.R.Civ.P. 59(e). A motion filed more than 28 days, but not more than one year, after entry of judgment is governed by Rule 60(b). Fed.R.Civ.P. 60(b). Because Kennedy's motion was filed on the twenty-eighth day following entry of judgment, the Court shall treat it as a motion to alter or amend under Rule 59(e).

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. See In re Pequeno, 240 Fed. App'x 634, 636 (5th Cir. 2007). Such relief is appropriate only in three circumstances: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Id. (citation omitted). Courts have explained that the "intervening change in controlling law" circumstance is not available when a subsequent

decision "does not cite, apply, or consider" the legal authorities upon which the judgment is based. Sepehry-Fard v. Bank of New York Mellon, N.A., 2014 WL 460895, *2 (N.D. Cal. 2014). Litigants may not utilize Rule 59(e) "for rehashing evidence, legal theories, or arguments ...." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

Kennedy's motion is premised solely on the Mississippi Supreme Court's recent decision in Linde Health Care Staffing, Inc. v. Claiborne County Hospital, ___ So.3d ___, 2016 WL 4245435 (Miss. Aug. 11, 2016). Kennedy argues that Linde constitutes an "intervening change in controlling law" that requires the Court to reconsider its August 12, 2016 order granting summary judgment. Underlying Kennedy's motion is the question of what constitutes an "intervening change in controlling law" for purposes of Rule 59(e). Other courts examining the standard have explained "that 'controlling law' under Rule 59(e) refers specifically to binding precedent only." See, e.g., McNamara v. Royal Bank of Scotland Group, PLC, 2013 WL 1942187, *3 (S.D. Cal. 2013).

The Linde decision is not binding precedent and has no legal relationship to this case. The issue presented in Linde was whether two state trial courts had properly set aside the enrollment of foreign judgments under Mississippi Rule of Civil Procedure 60(b). Conversely, the issue presented in this Court's summary judgment order was whether a breach of employment agreement

claim was barred by the preclusive effect of a MDES decision. One decision cannot "control" the outcome of another decision for purposes of Rule 59(e) where the issues presented are not the same. See, e.g., United States v. Marion, 562 F.3d 1330, 1340 (11th Cir. 2009)("We agree with the government that Pease does not control the outcome here because it involved different issues than those presently before us.").

The Linde decision also has no factual relationship to this case. The facts of Linde involved (1) a foreign judgment, (2) a party that was not a signatory to an arbitration agreement, and (3) the Federal Arbitration Act. Conversely, the facts of this case involve (1) an employment agreement, (2) a MDES finding of "insubordination," and (3) the doctrine of res judicata. One decision cannot "control" the outcome of another case for purposes of Rule 59(e) where the facts presented are not the same. See Seaman v. C.S.P.H., Inc., 1997 WL 538751, *12 (N.D. Tex. Aug. 25, 1997)("The Court is of the opinion that Soileau is factually distinguishable and does not control the outcome in the case at bar.").

This Court's summary judgment order applied the Fifth Circuit's decision in Cox, and the Linde decision neither expressly nor implicitly abrogates the Cox decision. There is a "well established [rule] that a district court sitting in diversity is generally bound by the state law interpretations of its circuit

court." Perez v. Brown & Williamson Tobacco Corp., 967 F.Supp. 920, 925 (S.D. Tex. 1997). In addition, there is a well established rule that courts should "not read tea leaves to predict" whether a new case casts doubt on a prior case. United States v. Guerrero, 768 F.3d 351, 361 (5th Cir. 2014).

In order to prevail on his motion, Kennedy would have to show that Linde "has 'unequivocally' overruled [the Cox] precedent." See id. However, Kennedy cannot do so because both the factual and legal issues presented by the two cases are entirely different. Kennedy has not demonstrated that he qualifies for the "extraordinary" relief of an alteration or amendment of this Court's Final Judgment.

Consequently, the Court finds no clear error of law, or any other reason to alter or amend its previous judgment pursuant to Rule 59(e). The plaintiff's motion is without merit and shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Jerry L. Kennedy ("Kennedy")'s Motion to Alter or Amend Judgment Based on Intervening Change in Controlling Law **(docket entry 378)** is DENIED.

SO ORDERED, this the 2nd day of November, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE